J-S60031-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSE SANTANA, | : | |
| | : | |
| Appellant | : | No. 3796 EDA 2015 |

Appeal from the Judgment of Sentence October 12, 2015
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0000260-2015

BEFORE:    SHOGAN, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED SEPTEMBER 30, 2016**

Jose Santana (Appellant) appeals from the judgment of sentence imposed following his conviction for aggravated assault.  We affirm.

On August 17, 2015, Appellant entered a guilty plea to the aforementioned crime based on his involvement in an altercation with Luis Rivera Rojas (Rojas) wherein he stabbed Rojas "at least twice, once in the abdomen and once in the lower back."[1]  N.T., 8/17/2015, at 17.  On October 12, 2015, he was sentenced to a term of 10 to 20 years of incarceration.

---

[1] "[W]hen … Rojas was stabbed the blade went in through the abdominal cavity, cutting the renal vein, and the blade then went into the spinal cord and broke" from the handle of the knife.  N.T., 8/17/2015, at 18.  It appears that both men were romantically involved with the same woman and that the altercation occurred outside of her residence.  N.T., 10/12/2015, at 5-6.

*Retired Senior Judge assigned to the Superior Court.

Following the denial of his post-sentence motion,[2] Appellant filed his notice of appeal to this Court. The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and one was filed. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on January 19, 2016.

Appellant presents one issue on appeal, wherein he alleges that the trial court abused its discretion at sentencing by failing to consider all necessary sentencing factors, including mitigating factors, and failing "to set forth appropriate reasons for its radical deviation from the standard sentencing ranges" in imposing the statutory maximum sentence. Appellant's Brief at 7 (unnecessary capitalization omitted).

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P.

---

[2] Appellant filed *pro se* a motion to withdraw his plea and "for ineffective councel [*sic*]" on October 19, 2015. On October 22, 2015, Appellant's counsel filed supplemental post-sentence motions, which incorporated Appellant's *pro se* motion to withdraw his guilty plea and included a motion to modify sentence. Counsel also filed a petition for leave to withdraw as counsel the same day. A hearing was held on November 17, 2015, at which time it was determined that Appellant did not wish to pursue his motion to withdraw his guilty plea and wanted to proceed with counsel on his motion to modify his sentence. N.T., 11/17/2015, at 3-5. As a result, the motion to withdraw his guilty plea and the petition for leave to withdraw as counsel were withdrawn. **Id.** at 5-7; Order, 11/17/2015. As indicated above, Appellant's post-sentence motion to modify sentence was denied. N.T., 11/17/2015, at 7; Order, 11/17/2015.

> 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

**Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted) (quoting **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006)).

Here, Appellant filed timely post-sentence motions and a notice of appeal, and included a statement pursuant to Rule 2119(f) in his brief. However, because the discretionary-aspects claims Appellant presented in his post-sentence motions are not identical to those which he presents on appeal, we must determine which, if any, claims are properly preserved for our review. In so doing, we observe that

> challenges to a court's sentencing discretion must be raised during sentencing or in a post-sentence motion in order for this Court to consider granting allowance of appeal. Moreover, for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court. Thus, even if an appellant did seek … to attack the discretionary aspects of sentencing in the trial court, the appellant cannot support those claims in this Court by advancing legal arguments different than the ones that were made when the claims were preserved.

***Commonwealth v. Rush***, 959 A.2d 945, 949 (Pa. Super. 2008) (citations omitted).

In his post-sentence motion, Appellant challenged the imposition of the statutory maximum sentence as excessive and manifestly unjust based on mitigating factors present herein, the circumstances of the case, Appellant's personal circumstances, and the trial court's alleged failure to take into consideration Appellant's rehabilitative needs. Supplemental Post-Sentence Motions, 10/22/2015, at ¶¶ 9-14. Appellant did not include a claim based on the trial court's alleged failure to provide adequate reasons for the sentence and, therefore, that claim is waived. ***Rush***, 959 A.2d at 949.

Moreover, the only discretionary-aspects claim Appellant included in his Rule 1925(b) statement was that "the sentence imposed was harsh and manifestly excessive as the court imposed the maximum legal sentence permitted without justification or proper explanation of the reasons for the sentence or why the court deviated from the sentencing guidelines by imposing the sentence that was nearly double the aggravated range." Rule 1925(b) Statement, 1/7/2016 (unnecessary capitalization omitted). Because Appellant failed to include any issue with respect to the trial court's failure to consider appropriate mitigating or other sentencing factors, those

claims are also waived.[3] **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); **Commonwealth v. Schutzues**, 54 A.3d 86, 98 (Pa. Super. 2012) (holding defendant waived challenge to discretionary aspects of sentencing where he failed to preserve claim in Rule 1925(b) statement).

Notwithstanding our conclusion that Appellant has waived his claims for failing to preserve them properly, our review of the merits of the claims reveals that he is not entitled to relief. In so doing, we turn to consideration of whether Appellant has raised a substantial question worthy of appellate review.[4] The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions

---

[3] We further note that, though Appellant included in his Rule 1925(b) statement the claim relating to whether the trial court provided adequate reasons for its sentence on the record, such action does not rectify his failure to raise the claim at sentencing or in his post-sentence motion. **Commonwealth v. Tejada**, 107 A.3d 788, 790, 799 (Pa. Super. 2015) (finding specific challenges to discretionary aspects of sentence waived where raised for the first time in a Rule 1925(b) statement rather than at sentencing or in a post-sentence motion).

[4] "[W]e cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." **Commonwealth v. Provenzano**, 50 A.3d 148, 154 (Pa. Super. 2012).

were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Griffin,* 65 A.3d at 935 (citation and internal quotation marks omitted).

Appellant's Rule 2119(f) statement in its entirety is as follows:

> [Appellant] is requesting the review of his sentence based upon his belief that the sentencing court abused its discretion when it imposed a harsh and excessive sentence contrary to the fundamental norms of the sentencing guidelines. The sentence imposed was the maximum legally allowable sentence and was more than double the standard sentencing range as applied to [Appellant]. The deviation from the guideline range must be supported by appropriate and factually justifiable reasons and [Appellant] does not believe that the court presented such justification.

Appellant's Brief at 11 (unnecessary capitalization omitted). Appellant's claim raises a substantial question. *See Commonwealth v. Antidormi*, 84 A.3d 736, 759 (Pa. Super. 2014) ("This Court has held that claims that the sentencing court imposed a sentence outside the standard guidelines without stating adequate reasons on the record presents a substantial question."). Although not included in his 2119(f) statement, Appellant's issue as it relates to the court's alleged failure to consider the necessary sentencing factors, including mitigating factors, also raises a substantial question. *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) ("It is well-established that a sentencing court's failure to consider mitigating factors raises a substantial question."); *Commonwealth v. Cartrette*, 83

A.3d 1030, 1042 (Pa. Super. 2013) (concluding that Appellant's argument

that the sentencing court did not consider the appropriate sentencing factors

raises a substantial question).

In addressing the merits of Appellant's claims, we begin with our

well-settled standard of review.

> Sentencing is a matter vested in the sound discretion of
> the sentencing judge, and a sentence will not be disturbed
> on appeal absent a manifest abuse of discretion. In this
> context, an abuse of discretion is not shown merely by an
> error in judgment. Rather, the appellant must establish, by
> reference to the record, that the sentencing court ignored
> or misapplied the law, exercised its judgment for reasons
> of partiality, prejudice, bias or ill will, or arrived at a
> manifestly unreasonable decision.
>
> In every case in which the court imposes a sentence for a felony
> or a misdemeanor, the court shall make as a part of the record,
> and disclose in open court at the time of sentencing, a statement
> of the reason or reasons for the sentence imposed.    The
> sentencing guidelines are not mandatory, and sentencing courts
> retain broad discretion in sentencing matters, and therefore,
> may sentence defendants outside the [g]uidelines.    In every
> case where the court imposes a sentence ... outside the
> guidelines adopted by the Pennsylvania Commission on
> Sentencing ... the court shall provide a contemporaneous written
> statement of the reason or reasons for the deviation from the
> guidelines.    However, [t]his requirement is satisfied when the
> judge states his reasons for the sentence on the record and in
> the defendant's presence.    Consequently, all that a trial court
> must do to comply with the above procedural requirements is to
> state adequate reasons for the imposition of sentence on the
> record in open court.
>
> When imposing sentence, a court is required to consider
> the particular circumstances of the offense and the character of
> the defendant.    In considering these factors, the court should
> refer to the defendant's prior criminal record, age, personal
> characteristics and potential for rehabilitation.    Where pre-

sentence reports exist, we shall ... presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself.

*Antidormi*, 84 A.3d at 760–61 (internal quotation marks and citations omitted).

The sentencing court provided the following reasoning for its sentence:

All right. I've taken into account everything that happened at the hearings that we've had. I've taken into account the content of the pre-sentence investigation report [(PSI)]. I've taken into account the guidelines. I would point out among those things that this man almost died and has gone through terrible recovery since the date of this incident. [Appellant] has shown an absolute callousness about the injuries sustained by this victim and actually his own actions.

From what I read here, [Appellant] left the victim unconscious after stabbing him. From what I read, I understand [Appellant] then fled and had to be picked up, was actually arrested I think it was in Manhattan and brought back to Pennsylvania. Hardly the actions of a remorseful person. And then also on the day of the stabbing, where does he go after the stabbing? He goes to the casino to try to win some money.

This is a dangerous man that's standing before me that almost killed this victim here, and there may have been some events done by this woman with her various boyfriends, but none of that factors into what ultimately happened here in terms of the stabbing.

This was intentional. This was cold-blooded as demonstrated by [Appellant's] actions during the stabbing and following the stabbing. There are cases where the [c]ourt should deviate from the guidelines, and there are cases where the maximum punishment is in order. This is a dangerous man. The community needs to be protected from him. Accordingly, the maximum sentence is imposed.

N.T, 10/12/2015, at 17-18.

Upon review, we conclude that the above-stated reasons are adequate to support the imposition of the statutory-maximum sentence. "The court is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b).... [T]he record as a whole must reflect due consideration by the court of the statutory considerations." *Antidormi*, 84 A.3d at 761 (internal quotation marks and citation omitted). Here, the court noted its consideration of "everything that happened at the hearings [it held]," the PSI, and the guidelines, and it made specific observations with respect to Appellant's lack of remorse, the impact on the victim, the particular circumstances of the crime, and the protection of the community. N.T., 10/12/2015, at 17-18. Moreover, we conclude that Appellant's claim that the court failed to consider the necessary sentencing factors, including mitigating facts, is meritless in light of the fact that the court had the benefit of a PSI. *See Antidormi*, 84 A.3d at 761; *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010) ("Our Supreme Court has determined that where the trial court is informed by a [PSI], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed."). Based on the foregoing, we discern no abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.

Prothonotary

Date: 9/30/2016